D. Ormonde Ritchie, J.
Petitioners seek an order declaring valid certain petitions filed by them with the Suffolk County Board of Elections wherein they were designated as candidates for the party position of member of the Democratic county committee. The Board of Elections has rejected these designating petitions on the ground that the petitioners are not duly enrolled voters of the Democratic party. An inspection of the 1957 poll books indicates that such is the case. However, the petitioners claim that they enrolled in the Democratic, party sometime in the year 1958 and prior to the time their designating petitions were filed on July 8, 1958. Thus, they claim that they come within the purview of subdivision 1 of section 137 of the Election Law which státes in substance that no designating petition shall be valid unless the person so designated shall be enrolled as a member of the party referred to in said petition at the time of the filing thereof. The court has inspected the records of the Board of Elections and finds that the petitioners all voted at the general election held in November, 1957, but none of them enrolled. Since the general election of November, 1957, permanent personal registration was adopted in Suffolk County which became effective November 25, 1957. The board’s records also show that the petitioners appeared at the offices of the board sometime between May 1, 1958 and July 8, 1958, and registered pursuant to the provisions of article 15 of the Election Law which deals with permanent personal registration, and at that time they were given enrollment blanks which they presumably filled out and placed in the box designated for that purpose. Obviously, if they enrolled, this .qualified them to vote at the next general election to be held in November, 1958, and to vote in the primary elections to be held in 1959. Having failed to enroll on either of the registration days in October, 1957, or on Election Day, 1957, in order for the petitioners to qualify to vote in the 1958 primary election, it became necessary for them to comply with section 187 of the Election Law, and at this point it is worthy of note that this section still applies despite the fact that Suffolk County has adopted permanent personal registration (see Election Law, § 350). Section 187 deals with special enrollments, transfer of enrollments and the correction of mistaken enrollments. It is perfectly clear that the instant situation does not deal with a. transfer or correction of an enrollment for the simple reason that none of the petitioners took the trouble to enroll at all in 1957. Thus, their situation must come within one of the paragraphs of subdivision 2 of section 187. This would require that they file an affidavit at the time they sought to enroll setting *743 forth facts which would bring them within the provisions of one of these subsections. The reasons for this procedure is quite clear. The law requires that a voter in nonpersonal registration districts enroll either on registration days or on Election Day (Election Law, § 173). Therefore, unless these petitioners were compelled to show special circumstances for not having enrolled as required by section 187, then section 173 of the Election Law would be completely nullified. This they have not done. The records of the Board of Elections show that no such affidavits were requested by these petitioners nor were any filled out and filed. Thus, they enrolled under the provisions of permanent personal registration. Such enrollment was not a special enrollment under section 187. In light of the foregoing the court finds that the petitioners are not enrolled voters in the Democratic party eligible to vote in the 1958 primary election.
Accordingly, the petition is dismissed.